# EXHIBIT L

MDL 1596

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
APR 14 2004
FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

DOCKET NO. 1596

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,[*] D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., AND KATHRYN H. VRATIL, JUDGES OF THE PANEL*

*TRANSFER ORDER*

    This litigation currently consists of the six actions listed on the attached Schedule A and pending, respectively, in the Central District of California, the Eastern District of Kentucky, the Western District of Louisiana, the Middle District of North Carolina, the Northern District of Ohio, and the Eastern District of Tennessee.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendant Eli Lilly and Company (Lilly) for coordinated or consolidated proceedings of these actions under Section 1407 in the Southern District of Indiana or, in the alternative, the Northern District of Ohio. At oral argument, Lilly also suggested transfer to the Southern District of New York or the Eastern District of Pennsylvania. One individual defendant in the Eastern District of Tennessee action does not object to the motion. Plaintiffs in the potential tag-along actions in the Eastern District of New York and the Southern District of New York support transfer under Section 1407, but suggest the Eastern District of New York as transferee district. Plaintiffs in three actions and a physician defendant in the Eastern District of Tennessee action initially opposed the motion;[2] at oral argument, however, these parties supported the motion for transfer, but objected to the Southern District of Indiana as

---

[*] Judge Selya took no part in the decision of this matter.

[1] In addition to the six actions before the Panel, the parties have identified two related actions pending in the Eastern District of New York and six related actions pending, respectively, in the Middle District of Alabama, the Eastern District of Arkansas, the Southern District of Iowa, the Southern District of Mississippi, the Southern District of New York, and the Eastern District of Tennessee. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001). Defendant's motion also included a second action in the Eastern District of Kentucky, which was dismissed with prejudice by stipulation of the parties in January 2004, and an action in the Eastern District of Virginia, which was remanded to state court in March 2004. Accordingly the question of transfer under Section 1407 of those two actions is now moot.

[2] Plaintiffs in the Eastern District of Kentucky, Middle District of North Carolina, and Northern District of Ohio actions initially opposed the motion.

OFFICIAL FILE COPY
IMAGED APR 15 '04

- 2 -

transferee district, with the plaintiffs in this group now supporting the Eastern District of New York as transferee district. Plaintiff in the Western District of Louisiana action and over twenty defendants in the Eastern District of Tennessee action oppose transfer of the actions in which they are parties.[3]

On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share allegations concerning the safety of Zyprexa, a prescription drug used in the treatment of schizophrenia. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Plaintiff in the Western District of Louisiana action argues against transfer of her action that her claims arise from the interaction between Zyprexa and another prescription medicine, and thus are different from the claims in other actions relating only to Zyprexa. This plaintiff also emphasizes that her decedent suffered respiratory failure, not the diabetes or related injuries complained of in other actions. We find these contentions unpersuasive. We observe that transfer under Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer. Nor is the presence of an additional defendant or product significant when the underlying action still contains, as here, products liability claims and factual allegations focusing on the safety of Zyprexa.

The defendants opposing transfer of the Eastern District of Tennessee action argue that the claims against them in that action do not involve common questions of fact with the claims against Lilly in this or any other action. Specifically, these defendants argue that the assertions confronted by them, for alleged violations of constitutional rights among other things, do not share sufficient factual questions with the products liability claims against Lilly to warrant transfer. These defendants also emphasize that the claims against them have been pending for over three years, longer than the claims against Lilly have been pending in any action. In the event the Panel orders transfer of the Eastern District of Tennessee action, these defendants ask the Panel to separate and simultaneously remand the claims asserted against them in the action, thereby effectively denying transfer of those claims.

For these parties opposing transfer on the basis of insufficient common questions, distinctions among the actions may be such that certain actions or claims therein can be ready for remand in advance of other claims or actions, after further refinement of the issues and close scrutiny by the transferee judge. But we are unwilling, on the basis of the record before us, to make a determination at this time that the degree of interconnection between these claims and the claims against Lilly in the affected actions is so small as to warrant exclusion of the claims from Section 1407 proceedings from the outset. We point out that whenever the transferee judge deems remand of any claims or actions appropriate,

---

[3] Opposing defendants are Roane County, Tennessee; Ken Yager; David Haggard; Fay Hall; Linda Mayes; John Mayes; Kelly Jackson; Cathy Goss; Thomas Pio; Sandra Miller; Stacee French; Lynda Carter; Stephen Halcomb; Deborah R. Gibson; Officer Rymer; Officer Rittenhouse; Officer Melton; Officer Belcher; Ambulance Service of Roane County; Gloria Wright; Howie Rose; and D. Tipton.

- 3 -

procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. In the meantime, transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands that duplicate activity that will occur or has already occurred in other actions. Discovery with respect to any case-specific issues can proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation,* 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). Section 1407 centralization will thus enable pretrial proceedings to be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

Defendants in the Eastern District of Tennessee action also suggest that a decision in their favor on pending motions for summary judgment may obviate the need for transfer of the action. We note, however, that such motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2nd Cir. 1990).

Given the geographic dispersal of current and anticipated constituent actions, no district stands out as the focal point for this wide-ranging litigation. In concluding that the Eastern District of New York is an appropriate forum for this docket, we note that centralization in this district permits the Panel to effect the Section 1407 assignment to an experienced transferee judge who can steer this litigation on a steady and expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Jack B. Weinstein for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

## SCHEDULE A

### MDL-1596 -- In re Zyprexa Products Liability Litigation

#### Central District of California

*Janetta Thompson, et al. v. County of Los Angeles, et al.*, C.A. No. 2:03-7641

#### Eastern District of Kentucky

*Carl Cooper, et al. v. Eli Lilly & Co., et al.*, C.A. No. 6:03-422

#### Western District of Louisiana

*Charlene H. Folse, etc. v. Eli Lilly & Co., et al.*, C.A. No. 6:03-1888

#### Middle District of North Carolina

*Barry McClamrock v. Eli Lilly & Co.*, C.A. No. 1:03-929

#### Northern District of Ohio

*Barbara Wilson v. Eli Lilly & Co.*, C.A. No. 3:03-7202

#### Eastern District of Tennessee

*Carolyn Phillips, etc. v. Roane County TN, et al.*, C.A. No. 3:00-692