# EXHIBIT P

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 16 2006

FILED
CLERK'S OFFICE

DOCKET NO. 1596

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*ORDER OF TRANSFER AND SIMULTANEOUS SEPARATION AND REMAND OF CERTAIN CLAIMS*

Before the Panel are motions brought, respectively, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in seventeen Eastern District and seventeen Western District of Missouri actions to vacate the Panel's orders conditionally transferring the actions to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. In one of the Eastern District of Missouri actions,[1] a physician defendant moves for separation and remand under Section 1407 of the claims against her. Also before the Panel are motions brought, respectively, by defendants Bristol-Myers Squibb Co. (Bristol-Myers) and Janssen, L.P. (Janssen) to vacate one of the Panel's orders insofar as it relates to claims in ten Eastern District of Missouri actions against these defendants.[2] Specifically, these defendants ask the Panel to separate and simultaneously remand the claims against them to the Eastern District of Missouri at the time of transfer. Defendant Eli Lilly and Co. (Lilly) opposes the motions to vacate brought by plaintiffs and the physician defendant and urges inclusion of the actions in the MDL-1596 proceedings, but supports separation and remand under Section 1407 of the claims against the other pharmaceutical defendants.

On the basis of the papers filed and hearing session held, the Panel finds that all 38 actions encompassed by the various overlapping motions involve common questions of fact with the actions

---

[1] *Reed Thompson v. Janssen Pharmaceutica, L.P.*, et al., E.D. Missouri, C.A. No. 4:05-1928.

[2] *Gloria Black v. Janssen Pharmaceutica, L.P.*, et al., E.D. Missouri, C.A. No. 4:05-1921; *Cindy Buck v. Janssen Pharmaceutica, L.P.*, et al., E.D. Missouri, C.A. No. 4:05-1922; *Clifford Ferrin v. Janssen Pharmaceutica, L.P.*, et al., E.D. Missouri, C.A. No. 4:05-1923; *Pamela Journey v. Janssen Pharmaceutica, L.P.*, et al., E.D. Missouri, C.A. No. 4:05-1924; *Thomas McGee, etc. v. Janssen Pharmaceutica, L.P.*, et al., E.D. Missouri, C.A. No. 4:05-1925; *Michelle McMahon v. Janssen Pharmaceutica, L.P.*, et al., E.D. Missouri, C.A. No. 4:05-1926; *Brent Thomas v. Janssen Pharmaceutica, L.P.*, et al., E.D. Missouri, C.A. No. 4:05-1927; *Reed Thompson v. Janssen Pharmaceutica, L.P.*, et al., E.D. Missouri, C.A. No. 4:05-1928; *Tamila Watkins v. Janssen Pharmaceutica, L.P.*, et al., E.D. Missouri, C.A. No. 4:05-1930; and *James Keetch v. Janssen Pharmaceutica, L.P.*, et al., E.D. Missouri, C.A. No. 4:05-1931. Janssen is a defendant in each of these ten actions; Bristol-Myers is a defendant in only the last listed action (*Keetch*).

- 2 -

in this litigation previously transferred to the Eastern District of New York, and that transfer of these actions to the Eastern District of New York for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the Eastern District of New York was a proper Section 1407 forum for actions involving claims of liability related to the prescription drug Zyprexa. *See In re Zyprexa Products Liability Litigation*, 314 F.Supp.2d 1380 (J.P.M.L. 2004). Any motions for remand to state court or for dismissal can be presented to and decided by the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

The objecting physician defendant argues, inter alia, that the presence of individual questions of fact should militate against inclusion of the claims against her in the MDL-1596 proceedings. We are unpersuaded by this argument. Inclusion of the claims against the defendant doctor pertaining to Zyprexa in the MDL-1596 proceedings has the salutary effect of placing all related claims in this docket before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; and 2) allows pretrial proceedings with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues. *See, e.g., In re Ephreda Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. The Panel is persuaded, however, that claims involving prescription drugs other than Zyprexa in ten Eastern District of Missouri actions do not share sufficient questions of fact with claims relating to Zyprexa to warrant inclusion of the former claims in MDL-1596 proceedings.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the 38 actions listed on Schedule A are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Jack B. Weinstein for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT IS FURTHER ORDERED that claims in ten actions identified in the second footnote of this order relating to prescription medications other than Zyprexa are simultaneously separated and remanded to the Eastern District of Missouri.

FOR THE PANEL:

/s/ Wm. Terrell Hodges
───────────────────────
Wm. Terrell Hodges
Chairman