# EXHIBIT "A"

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| GLENDORA TURNER, individually and as Administratrix of the Estate of William Lee Turner, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:05cv702-T |
| MERCK & CO., INC., a foreign corporation, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiff's motion to remand. The court agrees with plaintiff that this case should be remanded to state court. The court agrees with plaintiff that there has been neither fraudulent joinder, Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883


PLAINTIFF'S EXHIBIT "A"

F.2d 1553, 1561 (11th Cir. 1989), nor <u>fraudulent misjoinder</u>, <u>Tapscott v. MS Dealer Service Corp.</u>, 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand (Doc. no. 11) is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Bullock County, Alabama.

It is further ORDERED that the motion to stay (Doc. No. 5) is denied and the motion to dismiss (Doc. No. 3) is left for disposition by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 21st day of September, 2005.

                                            /s/ Myron H. Thompson
                                      UNITED STATES DISTRICT JUDGE



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80012-C.V.-HURLEY

EVELYN IRVIN, as Personal Representative of the
Estate of RICHARD IRVIN, JR.,
    plaintiff,
vs.

MERCK & CO., INC., JOE GHEZZI, and
CHRIS METROPULOS,
    defendants.
_____/

## ORDER DIRECTING REMAND & CLOSING FILE

THIS CAUSE is before the court *sua sponte* for review of its subject matter jurisdiction for the second time on the successive notice of removal filed by defendant Merck & Co., Inc. For reasons discussed below, the court shall again remand the case, this time with taxation of attorney's fees and costs.

### I. INTRODUCTION

Plaintiff originally filed this suit in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, on May 14, 2003, asserting state law claims arising out of the wrongful death of plaintiff's decedent in consequence of his ingestion of the prescription drug Vioxx, a pharmaceutical product manufactured and marketed by defendant Merck & Co.

On June 6, 2003, defendant Merck filed its first notice of removal, asserting the diversity jurisdiction of this court under 28 U.S.C. §1332. On October 7, 2003, the court remanded the case to state court for lack of subject matter jurisdiction due to defendant's failure to sustain its burden of establishing the claimed fraudulent joinder of defendants Joe Ghezzi and Chris

1

Metropulos.

On January 7, 2005, Merck filed its second notice of removal in this court. The sole basis for its renewed removal effort is that discovery in the state court proceedings has now proven that defendants Ghezzi and Metropulos are not the correct individuals involved in marketing the Vioxx product at issue in this case. According to Merck, the non-involvement of these individuals was conclusively established at the December 7, 2004 deposition of Dr. Christopher Schirmer, the prescribing physician. Thus, defendant does not assert a new basis for removal, but rather, argues that discovery in the state court proceeding has revealed additional facts which buttress its original contention regarding the fraudulent joinder of defendants Ghezzi and Metropulos.

## II. DISCUSSION

28 U.S.C. § 1446(b), provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or procedure is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

This section, which allows a defendant to remove a previously remanded case where subsequent pleadings or events reveal a new and different basis for removal, *see e.g.*

2

*Browning v Navarro*, 743 F.2d 1069, 1079 n. 29 (5th Cir. 1984), must be read in harmony with 28 U.S.C. §1447(d), which provides that a remand order is "not reviewable on appeal or otherwise." Section 1447 (d) thus not only forecloses appellate review, but also bars reconsideration by the district court of its own remand order based on lack of subject matter jurisdiction or defects in the removal procedure. *See First Union National Bank v Hall*, 123 F.3d 1374 (11th Cir. 1997), *cert. dism'd*, 523 U.S. 1135 (1998); *Harris v Blue Cross/Blue Shield of Ala., Inc.*, 951 F.2d 325, 330 (11th Cir 1992).

A party may not circumvent the §1447(d) prohibition on motions for reconsideration by filing a second notice of removal which simply supplies additional evidentiary support in an effort to demonstrate the inaccuracy of the previous remand order. Thus, in this case the newly acquired deposition testimony of Dr. Schirmer is not a legitimate basis upon which the court may reassess its subject matter jurisdiction. *See e.g. Roughton v Warner-Lambert*, 2001 WL 910408 (M.D. Ala. 2001); *Nicholson v National Accounts, Inc.* 106 F. Supp.2d 1269 (S.D. Ala. 2000).

Having previously remanded this case for lack of subject matter jurisdiction pursuant to §1447(c), the court is now powerless under §1447(d) to reconsider that order and reevaluate the accuracy of its initial decision to remand. *See generally Whittley v Burlington Northern & Santa Fe R.R. Co.*, 2005 WL 221467 (8th Cir. 2005).

Accordingly, it is **ORDERED AND ADJUDGED**:

1. This case is **REMANDED** for lack of subject matter jurisdiction to the Circuit Court of Palm Beach County, State of Florida, pursuant to 28 U.S.C. §1447(c).

2. It is further ordered that plaintiff shall recover from defendant Merck all "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal" pursuant to 28

3

U.S.C. 1447(c). *See e.g. Moates v Cargill*, 2001 WL 910410 (M.D. Ala. 2001). Plaintiff shall submit her duly supported petition for fees and costs within **TEN (10) DAYS** from the date of this order.

3. The court shall retain jurisdiction only for the limited purpose of assessing the attorney fee and cost award made pursuant to 28 U.S.C. §1447(c).

4. The clerk is directed to **CLOSE** this file, **DENY** any pending motions as **MOOT**, and send a certified copy of this order to the Clerk of the Fifteenth Judicial Circuit in and for Palm Beach County pursuant to 28 U.S.C. §1447.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this ____ day of February, 2005.

Daniel T. K. Hurley
United States District Judge

copies to:

Angelo Patacca, Esq.
Phillip L. Valente, Jr.
Patricia Lowry, Esq.
Sharon Kegerreis, Esq.

FROM:305-523-5226 USDC-FLS    9-1-904-632-0549    PAGE: 1 OF 5    CONTROL: #885646-CV



# United States District Court
## Southern District of Florida

**NOTICE:** Only certain Judges are E-NOTICING, so continue to provide envelopes for cases before non-participating Judges Visit the court's website www.flsd.uscourts.gov or call the Help Line (305) 523-5212 for an updated listing of participating Judges

### Notice of Orders or Judgments

Date:    02/16/05

To:    Angelo Patacca (aty)
233 East Bay Street
Suite 804 Blackstone Bldg
Jacksonville, FL 32202

Re: Case Number:    9:05-cv-80012    Document Number:    9

NOTE: If you are no longer an attorney in this case, please disregard this notice.
Be sure to promptly notify the Clerk of Court in writing of any changes to your name, address, law firm, or fax number. This notification should be sent for each of your active cases.
If this facsimile cannot be delivered as addressed, or you have ANY problems with this fax transmission, please call the Help Line (305) 523-5212 and the problem will be rectified. Since this transmission originated from the Clerk's Office, JUDGES CHAMBERS SHOULD NOT BE CONTACTED.

Number of pages including cover sheet:
5

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JAMES O. STRUTHERS, etc., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MERCK & CO., INC., a ) <br> foreign Corporation, ) <br> et al., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br> 2:06cv127-MHT |

ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C. §§ 1332, 1441, is now before the court on plaintiff's motion to remand. The court agrees with plaintiff that this case should be remanded to state court. First, there has not been <u>fraudulent joinder</u> of any resident defendant (that is, plaintiff has colorable claims against such a defendant), see <u>Coker v. Amoco Oil Co.</u>, 709 F.2d 1433, 1440 (11th Cir. 1983); <u>Cabalceta v.</u>

Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). Second, there has not been <u>fraudulent misjoinder</u> of any resident defendant (that is, plaintiff has reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see <u>Tapscott v. MS Dealer Service Corp.</u>, 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand (doc. no. 13) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama, for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay (Doc. No. 6) and the motion to expedite (Doc. No. 18) are denied.

It is further ORDERED that all other outstanding motions are left for disposition by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 13th day of March, 2006.

                                 /s/ Myron H. Thompson
                                 UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| ROSEMARY LEVERETT, etc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 3:06cv128-MHT |
| ) | |
| MERCK & CO., INC., etc., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C. §§ 1332, 1441, is now before the court on plaintiff's motion to remand. The court agrees with plaintiff that this case should be remanded to state court. First, there has not been fraudulent joinder of any resident defendant (that is, plaintiff has colorable claims against such a defendant), see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v.

Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). Second, there has not been fraudulent misjoinder of any resident defendant (that is, plaintiff has reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand (doc. no. 1) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Tallapoosa County, Alabama, for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay (Doc. No. 9) is denied.

It is further ORDERED that all other outstanding motions are left for disposition by the state court after remand.

2

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 15th day of March, 2006.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5:** The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing. Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).